# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JERONE MCDOUGALD,
Plaintiff,

vs.

SGT. DILLOW, et al.,
Defendants.

Case No. 1:17-cv-196
Barrett, J.
Litkovitz, M.J.

**ORDER**

Plaintiff, an inmate at the Southern Ohio Correctional Facility ("SOCF") proceeding pro se, brings this prisoner civil rights action under 42 U.S.C. § 1983 alleging violations of his constitutional rights by defendants. This matter is before the Court on plaintiff's motion to compel (Docs. 18, 21), defendants' response in opposition (Doc. 24), and plaintiff's reply memorandum (Doc. 25).

## I. Background

Plaintiff asks the Court to compel defendants to produce the following video footage and documents:[1]

1. DVR footage of incident involving retaliation of Michael Dillow and C/O Clere on 9-3-15 in J-2 housing unit cell 45

2. Copy of Greviance [sic] in SOCF #10-15-000122 and cheif inspectors [sic] copy also

(Docs. 18, 21).

In response, defendants argue that plaintiff's motion to compel should be denied as moot because they have fully responded to his requests for production of documents. (Doc. 24). Defendants represent that they responded to plaintiff's first request for production of documents on August 11, 2017. (Doc. 24 at 2). Defendants explain that they received a letter on December

---

[1] Plaintiff filed motions to compel on January 2, 2018 and January 16, 2018. (Docs. 18, 21). Since both motions to compel address the same documents, the Court will discuss them as one motion.

10, 2017 from plaintiff requesting the video footage and grievance SOCF 10-15-000122. (Doc. 24 at 2). Defendants replied to plaintiff's letter on January 22, 2018 and explained that the DVR footage was reviewed by an Ohio Department of Rehabilitation and Corrections ("ODRC") Inspector during the investigation of his grievance, but the video was not saved because no wrongdoing by defendants was found. (*Id.* at 2-3). Defendants attach the declaration of Linnea Mahlman, Inspector of Institutional Services at SOCF, to their response in opposition to plaintiff's motion to compel. (Doc. 24-5). Ms. Mahlman attests that she investigated plaintiff's grievance that he was retaliated against by Sgt. Dillow and C/O Clere on September 3, 2015 when these officials conducted a search of his cell and allegedly put his sheets and blankets in the toilet. (Mahlman Declaration at ¶ 4, Doc. 24-5). As part of her investigation, Ms. Mahlman interviewed Sgt. Dillow and C/O Clere and reviewed the DVR footage of the alleged incident. (*Id.* at ¶ 6). Ms. Mahlman further attests:

> The DVR footage showed that C/O Clere and Sgt. Dillow did search Inmate McDougald's cell, however I found no evidence of the officers destroying any of his property by placing it in the toilet. Because my review of the video footage revealed no wrongdoing that would require it to be retained, it was not preserved.

(*Id.* at ¶ 7).

As such, defendants represent that they are unable to produce the video footage because it does not exist. (Doc. 24 at 3). Defendants explain that plaintiff's request for grievance document SOCF-10-15-000122 was not included in his first request for production of documents. However, defendants construed plaintiff's letter as a second request for production of documents and provided plaintiff with the requested grievance documents on January 22, 2018. (*Id.*). In their responsive memorandum, defendants attach their responses to plaintiff's first request for production of documents and plaintiff's December 10, 2017 letter. (Doc. 24, Exhibits 1-4).

2

In reply, plaintiff "strikes all requested discovery with the exception of requested DVR footage." (Doc. 25 at 1). Plaintiff explains that he recently received a copy of the requested grievance. (*Id.*). Plaintiff maintains that defendants continue to refuse to show him the video footage. (*Id.*). Plaintiff argues that defendants violated ODRC retention guidelines and asks the Court to make appropriate findings pursuant to Fed. R. Civ. P. 37(e) related to defendants' failure to preserve the video footage. (*Id.* at 2).

**II. Resolution**

Because plaintiff admits that he received the requested grievance documents, plaintiff's motion to compel production of these documents is denied as moot. Thus, the Court will solely address the requested video footage.

Plaintiff's motion to compel defendants to produce the requested video footage is denied. Defendants reasonably assert that the video footage no longer exists because no wrongdoing was discovered by the Inspector of Institutional Services when conducting an investigation into plaintiff's grievance. Defendants support their opposition to plaintiff's motion to compel with a declaration from Linnea Mahlman, attesting under penalty of perjury that she found no evidence from the video that officers placed plaintiff's property in the toilet while conducting a cell search and therefore no wrongdoing required it to be retained. (Doc. 24-5). As such, defendants cannot be compelled to produce video footage that does not exist. *See Tolliver v. Liberty Mut. Fire Ins. Co.*, No. 2:06-cv-00904, 2008 WL 4951792, at * 2 (S.D. Ohio Nov. 17, 2008) ("A party cannot be compelled to produce documents which do not exist or which it does not possess or control."). Accordingly, plaintiff's motion to compel production of the video footage is denied.

The Court declines to inquire into whether defendants violated ODRC retention guidelines or Fed. R. Civ. P. 37. Plaintiff did not raise this issue in his motion to compel and

3

may not raise new issues for the first time in his reply brief. *See Wright v. Holbrook*, 794 F.2d 1152, 1156 (6th Cir. 1986). *See also Bishop v. Oakstone Academy*, 477 F. Supp.2d 876, 889 (S.D. Ohio 2007) ("[I]t is well established that a moving party may not raise new issues for the first time in its reply brief."). In any event, plaintiff has not shown nor does the evidence presented by defendants in opposition to plaintiff's motion to compel demonstrate that defendants Dillow and Clere themselves had an obligation to preserve the video footage and acted with the requisite culpable state of mind in failing to preserve it. *See Adkins v. Wolever*, 692 F.3d 499, 503-04 (6th Cir. 2012).[2] Therefore, the Court denies plaintiff's request to make appropriate findings under Fed. R. Civ. P. 37.

It is **ORDERED** that:

Plaintiff's motion to compel (Docs. 18, 21) is **DENIED**.

Date: 3/19/18

Karen L. Litkovitz
United States Magistrate Judge

---

[2] In *Adkins v. Wolever*, the Sixth Circuit held that a party seeking a spoliation sanction must establish: "(1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a culpable state of mind; *and* (3) that the destroyed evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." *Adkins*, 692 F.3d at 503-04 (quoting *Bevean v. U.S. Dep't of Justice*, 622 F.3d 540, 553-54 (6th Cir. 2010)). The Court emphasized that a District Court's credibility determinations and findings of fact on the issuance or non-issuance of spoliation sanctions are given great deference. *Id.* at 503. On remand, the Sixth Circuit affirmed the finding of the District Court that the preservation of film and photographic evidence was "entirely beyond [the defendant prison guard's] control" because there was no evidence that he had access to or control over the retention of evidence. *Id.* at 504-05.

4