**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Jerone McDougald,

      Plaintiff,

    vs.                      Case No. 1:17-cv-00196

Sgt. Michael Dillow, et al.,         Judge Michael R. Barrett

      Defendants.

## <u>ORDER</u>

This matter is before the Court on the Magistrate Judge's August 10, 2018 Report and Recommendation ("R&R"). (Doc. 38).

Proper notice was given to the parties under 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file timely objections to the R&R. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Objections were due by August 24, 2018. (Docs. 39, 41). Plaintiff filed objections on August 24, 2018. (Doc. 39). On September 4, 2018, he filed a Motion for Leave to Amend his objections and included additional information he asks the Court to consider. (Doc. 41). Although he does not explain why he did not include these additional arguments in his initial objections, for purposes of this order, the Court will grant his Motion for Leave (Doc. 41), deem his supplemental objections as timely, and consider those objections herein. Defendants filed a Response to Plaintiff's objections. (Doc. 40). The Magistrate Judge completed a comprehensive review of the record and the same will not be repeated here except to the extent necessary to address Plaintiff's objections.

# I. STANDARD OF REVIEW

When a court receives objections to a magistrate judge's R&R on a dispositive matter, the assigned "district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

# II. ANALYSIS

Plaintiffs is a pro se prisoner, brings this action under 42 U.S.C. § 1983, and asserts that Defendants violated his First Amendment rights by engaging in a September 3, 2015 retaliatory cell search. (Doc. 3). The Magistrate Judge recommends granting Defendants' Motion for Summary Judgment, as Plaintiff fails to establish the third element of his retaliation claim, namely that the cell search was motivated in part by his protected conduct. (Doc. 38 at PageID 235-36); *see Thomas v. Eby*, 481 F.3d 434, 440 (6th Cir. 2007) ("To state a claim alleging retaliation for exercising a constitutional right, a plaintiff must show that (1) he engaged in protected conduct; (2) the defendant took an adverse action against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) that the adverse action was taken (at least in part) because of the protected conduct.") (internal citations omitted).

The Magistrate Judge acknowledged Plaintiff's April 27, 2015 grievance regarding an alleged March 26, 2015 incident involving Defendant Dillow and a correctional officer who is not a named defendant in this case. (Doc. 38 at PageID 235). She found, however, that the filing of that April 27, 2015 grievance, five months prior to the alleged

retaliatory September 3, 2015 cell search, "is simply too remote in time to establish the third element of" his claim. (*Id.*). She further found that, in light of this lack of temporal proximity, and the facts that Defendant Dillow was only an ancillary party to the April 27, 2015 grievance, Defendant Clere was not mentioned in that grievance, and Defendant Dillow was assigned to Plaintiff's range on a daily basis, Plaintiff fails to establish a genuine issue of fact regarding whether his April 27, 2015 grievance, regarding the March 2015 incident, motivated Defendants' September 3, 2015 cell search. (*Id.* at PageID 236).

In his objections, Plaintiff argues that the Magistrate Judge erred by finding that he failed to satisfy the third element of his claim, as she failed to look at the totality of the circumstances and, if she had, she would have found that this case is appropriate for trial. (Doc. 39 at PageID 240). In particular, he contends that Defendant "Dillow retaliated against plaintiff also for the filing of informal complaints against his co-workers also just as well as himself." (*Id.*). However, as the Magistrate Judge explained, he "cannot establish First Amendment retaliation by merely alleging that defendants' retaliatory conduct was the result of unspecified grievances and his grievance history in general." (Doc. 38 at PageID 231) (citing *Reyes v. Palmer*, No. 1:17-CV-755, 2017 WL 5166705, at *1 (W.D. Mich. Nov. 8, 2017)).

He also appears to assert that Defendant Dillow "was in close proxim[ity] to retaliate on plaintiff at anytime as he was assigned to plaintiffs range on a daily basis to conduct this malicious and destructive cell search." (Doc. 39 at PageID 240). However, the Court agrees with the Magistrate Judge's totality-of-the-circumstances analysis wherein she found that the fact that Defendant Dillow was assigned to Plaintiff's range on a daily basis indicates that he is required to do daily cell searches as party of his regular

job responsibilities and does not establish that, because of his job responsibility to conducts cell searches, he necessarily utilizes his proximity to Plaintiff to engage in retaliatory cell searches. *See* (Doc. 39 at PageID 240). Plaintiff's bare assertion suggesting otherwise is unpersuasive.

Finally, Plaintiff asks the Court to consider his October 2015 grievance documents, regarding the September 3, 2015 cell search, and contends that that the documents establish that his October 2015 grievance "was granted in plaintiff favor that Defendant Dillow once conducting this retaliatory cell search failed to log that the cell search was conducted so that his retaliatory act could go unnoticed." (Doc. 41 at PageID 246). A review of the October 2015 Disposition of Grievance reveals two findings: that there was "no merit staff violated AR 5120-9-04" but that "staff failed to log your [September 3, 2015] cell search." (Doc. 3, Attachment 1 at PageID 18). Contrary to Plaintiff's assertion otherwise, nowhere in the Disposition of Grievance does the author find that Defendants intentionally failed to log the September 3, 2015 cell search or that Defendants intentionally failed to log the September 3, 2015 cell search so that they could conduct a retaliatory cell search. (*Id.*). The Court remains unpersuaded by Plaintiff's bare assertions of wrongdoing on behalf of Defendants.

In sum, and based on the Court's de novo review of the filings in this matter, the Court finds Plaintiff's objections unpersuasive and agrees with the findings and recommendation in the R&R.

## III. CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** Plaintiff's Motion for Leave to Amend his Objections (Doc. 41).  The Court **OVERRULES** Plaintiff's objections (Doc. 39, 41) and **ADOPTS in full** the Magistrate Judge's August 10, 2018 R&R.  (Doc. 38). Accordingly, Plaintiff's Motion to Amend (Doc. 36) is **GRANTED**, Plaintiff's Motion for Summary Judgment (Doc. 27) is **DENIED**, and Defendants' Motion for Summary Judgment (Doc. 32) is **GRANTED**.  This case is **DISMISSED with prejudice** and the matter shall be **CLOSED and TERMINATED** from the Court's docket.

**IT IS SO ORDERED.**

_s/Michael R. Barrett_
Michael R. Barrett, Judge
United States District Court